Peter A. Correa
    vs.        No. 85807.
United Electric Railways Co.

June 29, 1933.

JOSLIN, J. Heard on defendant's motion for a new trial after a verdict by the jury in favor of the plaintiff for $950.

The action is brought to recover damages alleged to have been suffered by the plaintiff in consequence of a collision between an electric car of the defendant and an automobile in which the plaintiff was a guest.

The accident occurred on North Main street, in Providence, on February 15, 1931, at about 8 P. M. The place was well lighted. North Main street at this point is about 75 feet in width. It is straight for a distance of several thousand feet and there is no grade. In the middle of this highway are two sets of street railway tracks, one north bound to Pawtucket, the other south bound to the center of Providence. On either side of the tracks and running parallel thereto, are raised bars constructed of cement, 3 feet 8 inches in width and 6 inches in height. These bars are known as safety zones. The continuity of these safety zones is broken at various points along North Main street by open area-ways 50 feet in width. These area-ways are known as cross-ways and are designed and used for traffic to pass from either side of North Main street to the other. There is such a cross-way at about Cemetery street on the westerly side of North Main street and at about Stenton avenue on the easterly side of North Main street.

The plaintiff and one Manuel Escabar were proceeding in the latter's Ford coupe, operated by Escabar, on Cemetery street, intending to cross North Main street over the cross-way. The two men were alone in the Ford and were returning home from a visit to a relative of one of them. The plaintiff maintains that Escabar stopped his car at a point on Cemetery street where it enters North Main street and waited for the Providence bound automobile traffic to pass; that he then started up and proceeded on to the Providence bound car tracks, travelling at a very slow rate of speed; that the Ford continued and reached the Pawtucket bound track; that the electric car was then about 300 feet away; that he was obliged to bring the Ford to a stop to permit the Pawtucket bound automobile traffic to pass; that he was stopped a "little while", for "one minute", and that the electric car ran into the automobile, pushing it ahead for 30 or 40 feet. The plaintiff charges that the motorman was negligent in not sooner bringing his car to a stop.

The defendant admits that the motorman first saw the Ford at Cemetery street, where it was stopped waiting for the Providence bound automobile traffic to pass. At that time the electric car was travelling at 25 miles per hour and was probably 300 or more feet distant from the cross-way. The motorman assumed he was being given the right of way. He reduced his speed to 10 or 15 miles per hour. He glanced to the right and saw the Pawtucket bound automobile traffic. He then looked ahead and saw the Ford coming across the Providence bound track. He realized from the motion of the Ford that it was intending to go across both car tracks. He thereupon reversed the power and did all he could to bring his car to a stop, in fact stopping it in 30 feet. He claims he did not see the Ford when it was moving from its first stop to the time when it got onto the first rail of the outbound track. His failure to see the Ford while he was travelling a distance of probably 150 feet as he was approaching a cross-way, was a cir-

cumstance which was entitled to consideration in passing upon his conduct in relation to the question of negligence. There was ample testimony by this circumstance and others which fully warranted the jury in finding the motorman guilty of negligence.

The fact that the plaintiff was a guest in the automobile excused him from the effects of any contributory negligence on the part of the operator. The latter's contributory negligence cannot be imputed to the plaintiff. but it does not free the plaintiff from his duty to use reasonable care for his own safety. He cannot remain inactive in the presence of a known danger, when he might reasonably have done something to save himself. In the circumstances existing just before and at the moment of the collision, it is difficult for the Court to see what the plaintiff could reasonably have been expected to do. It was a matter of seconds, perhaps 12 to 15, between the time that the plaintiff can be charged with knowing that he was in a place of danger and the time of the collision. For him then to have offered any advice to the operator, or to have interfered with the operator's management of the automobile, would have been highly inadvisable and undoubtedly ineffective. To have attempted an escape from the automobile would have been fraught with danger even greater than that in which he was. The plaintiff acted in such a manner as might be expected from the ordinarily prudent person. At any rate, the question of due care was one for the jury to decide. With their decision in favor of the plaintiff the Court agrees.

One of the grounds of the motion for a new trial is that the damages are excessive.

The plaintiff suffered a fracture of one rib and certain other injuries to his shoulder, arm and hip. He was at the hospital for nine days; he was treated by a physician at his home for two weeks and then had certain treatments at his doctor's office. He was unable to do any work for six weeks. Thereafter he was somewhat disabled for about three or four weeks. He has no permanent injury. From then to the present time he has been practically well, complaining of pain only during a change of weather. His money damage amounts to $80 for the hospital and the doctor, plus $150 for substitutes to do his work during the six weeks of his total disability. Apparently the jury awarded the plaintiff $720 for his pain. This may be liberal, but it is not excessive.

The verdict does substantial justice between the parties. Hence the defendant's motion for a new trial is denied.

For plaintiff: Pettine, Godfrey & Cambio.

For defendant: Clifford Whipple, Frank J. McGee.